**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R Hunter, | No. CV-23-00242-PHX-DLR (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Garrison, et al., | |
| Defendants. | |

Before the Court is Plaintiff James R Hunter's appeal (Doc. 84) from Magistrate Judge Eileen S. Willett's order denying Hunter's motion for subpoena duces tecum (Doc. 80). Defendants submitted a response in opposition to the appeal (Doc. 89). For the reasons explained below, the Court affirms Judge Willett's order.

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge issues an order on a nondispositive matter, parties may file objection to it within fourteen days after being served with a copy of the order. The Court must then consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 603 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hill v. Maricopa Cnty. Sheriff's Off.*, No. CV-18-02613-PHX-GMS, 2020 WL 7828761,

at *1 (D. Ariz. Dec. 31, 2020) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

Judge Willett denied Hunter's motion to serve a subpoena duces tecum on the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") Custodian of Records because the motion was untimely, and the court found no good cause to extend the third-party discovery deadline. In his appeal Hunter argues that Defendants (none of whom are ADCRR) "have the ability to obtain the requested video" but decline to do so, and in any event, Hunter requested a subpoena upon service of Defendants' response to Hunter's request for production, wherein they stated they did not have the video (if one exists) and did not have any ability to obtain it from ADCRR. (Doc. 84 at 2, 10.)

Judge Willett's ruling is not clearly erroneous or contrary to law. The order explains that Hunter made his request after the expiration of discovery. (Doc. 80 at 1.) Judge Willett properly examined whether Hunter showed "good cause" to modify the Rule 16 scheduling order and concluded he had not. (*Id.* at 1–2.) She also examined whether he demonstrated "excusable neglect" necessary to seek an extension of a deadline *after* its expiration under Rule 6(b)(1)(B) but found that he had not. (*Id.* at 2.) Hunter does not dispute the relevant discovery deadlines or filing dates on which Judge Willett relied. Moreover, his assertion that Defendants could obtain the requested video is not a reason to overturn an order denying his request to subpoena a different entity to obtain it. The order applies the correct law and contains no clear error.

**IT IS ORDERED** that Judge Willett's order (Doc. 80) is **AFFIRMED**.

Dated this 7th day of May, 2025.

Douglas L. Rayes
Senior United States District Judge